**Jordan K. Cameron (12051)**
**DENTONS DURHAM JONES PINEGAR, P.C.**
*Attorneys for Plaintiff ZAGG Inc*
3301 N Thanksgiving Way, Suite 400
Lehi, Utah 84043
Telephone: (801) 375-6600
*jordan.cameron@dentons.com*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZAGG INC, a Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>ABC CORPORATION, an unknown business entity, DOES 1-10,<br><br>Defendants. | **COMPLAINT**<br><br><br>Case No. 2:22cv00592 CMR<br><br>Magistrate Judge Cecilia M. Romero |

COMES NOW Plaintiff ZAGG Inc ("ZAGG"), and complains and alleges the following:

**PARTIES**

1. Plaintiff, ZAGG, is a Delaware corporation with its principal place of business in Utah, and at all relevant times hereto was duly registered and licensed to do business in the State of Utah.

2. Defendant ABC Corporation (hereinafter "ABC") is an unknown business entity.

3. On information and belief, DOES 1-10 are individuals and companies who act as agents for ABC.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), for violations of 18 U.S.C. Chapter 96.

5. This Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because the claims relate to and arise out of the same course of conduct, and form part of the same case and controversy, as the claims over which this Court has original jurisdiction.

6. This Court has personal jurisdiction over the Defendants because the Defendants directly or through their agents have knowingly taken actions, or failed to act, in manners that have directly caused harm to ZAGG in Utah, and/or have purposefully availed themselves of the privileges of conducting commercial activity in the forum state. This Court's exercise of personal jurisdiction over Defendants is consistent with the Constitution of the United States.

7. A substantial part of the unlawful actions by the Defendants occurred in this judicial district. Therefore, venue is proper pursuant to 18 U.S.C. §1391.

## GENERAL ALLEGATIONS

8. ZAGG is a global leader in accessories and technologies that empower mobile lifestyles.

9. ZAGG's award-winning product portfolio includes screen protection, power management solutions, mobile keyboards, cases and personal audio.

10. In the operation of its business, ZAGG maintains many vendor relationships.

11. ZAGG has an ongoing vendor relationship with Adobe.

12. On July 26, 2022, ZAGG received an email from Defendants purporting to come from Adobe with an email address ending in @adobe.com.

13. The July 26, 2022 email contained Adobe logos and other branding content.

14. The July 26, 2022 email identified two invoices by number for a total balance owed of $476,436.78.

15. The July 26, 2022 email further stated, "Can you please advise on the scheduled payment date for the attached past due invoice? Please note that our wire/ACH information has changed from the previous invoice details. Please provide the necessary doc we need to fill in to have our new remittance information updated in the system before processing any payment. Your prompt response is much appreciated."

16. On July 27, 2022, ZAGG responded to the email, believing it was responding to Adobe, and indicated that it was working on payment.

17. Thereafter, on July 27, 2022, ZAGG received another email, purporting again to come from Adobe, stating, "Thank you for the update. Just a reminder that our bank account for receiving electronic payments has changed. Please provide the necessary doc we need to fill in to have our new remittance information updated in the system before processing any payment. Also can you advise when Invoice #220587260 would be approved for payment?"

18. In reliance on the statements in the email, ZAGG provided a new bank information form to the Defendants.

19. On July 27, 2022, the Defendants returned a completed ACH form via email to ZAGG, and provided bankinginformation with directions for ACH transfer of the requested payments to Silver State Schools Credit Union, Las Vegas, NV 89141.

20. On July 28, 2022, the Defendants again emailed ZAGG stating, "Please confirm our ACH information has been updated in the system and ready for payment."

21. ZAGG confirmed that it had updated the payment information in its system, and in reliance on the representations made in the emails, transferred $21,450.00 via ACH to the Defendants.

22. On July 28, 2022, the Defendants again emailed, this time stating, "Thank you for your payment. Please let me know if you need anything to get invoice #220587260 approved for payment."

23.     On August 10, 2022, the Defendants again emailed stating, "I was hoping to receive an update on the payment status of the past due invoice #2200587260 below. Would you mind taking a look in your system and letting me know where this stands with regards to payment?"

24.     On August 18, 2022, the Defendants emailed again stating, "I am following up on this, could you please provide us with any update regarding the payment of below mentioned invoice #2200587260 which are already past due. I was hoping this would have been approved for payment this week."

25.     In reliance on the representations in the emails, which all had the appearance of coming from Adobe, on August 18, 2022, ZAGG remitted payment to Defendants in the amount of $454,986.78 via ACH.

26.     On August 18, 2022, Defendants emailed stating, "Thank you for the update. I will note the account and watch for the payment to come in."

27.     Each of the Defendants' emails used an email address ending in @adobe.com. Each of the Defendants' emails included logos and other branding content for Adobe.

28.     While the fraudulent emails did originate from Abode's mail server, none of the emails actually came from Adobe. On information and belief, Abode's mail server had been compromised by Defendants and used to send thetfraudulent emails, the purpose

of which was to induce payment by ZAGG of hundreds of thousands of dollars to Defendants' account.

29. It was not until after ZAGG has sent the required payments that it learned from Adobe that Adobe had not changed its financial account information, had not requested the payment be directed to a new account, and that Adobe's email system had been compromised.

## FIRST CAUSE OF ACTION
### Fraud

30. Each of the previous paragraphs is realleged herein.

31. As outlined above, between July 26, 2022 and August 18, 2022, Defendants sent multiple email communications purporting to be Adobe.

32. The email communications contained false statements of fact regarding the identity of the sender of the emails, bank account information, required methods for paying account balances, and changes to payment information.

33. The representations were about presently existing facts that were important and material to Plaintiff's paying its account balances.

34. The statements were false, and Defendants knew the statements were false at the time they were made.

35. Defendants made the false statements with the intent of inducing Plaintiff to act on them. Specifically, to pay hundreds of thousands of dollars to an account controlled by Defendants.

SLC_5987094.1

36. Plaintiff reasonably relied on the Defendants' representations without knowledge of their falsity, and was thereby induced to act, and did act by paying the demanded amounts.

37. Plaintiff would not have taken the actions it did if it knew the representations were false.

38. As the proximate result of Defendants' numerous and material misrepresentations, and in reliance upon them, Plaintiff has incurred significant financial damage in an amount to be determine, but not less than $476,436.78.

39. Plaintiff is entitled to an award of damages against Defendants in an amount to be determined at trial, but not less than $476,436.78 together with pre and post judgment interest, punitive damages, and its reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
RICO – 18 U.S.C. Chapter 96

40. Each of the previous paragraphs is realleged herein.

41. The RICO Act found at 18 U.S.C. Chapter 96 makes it "unlawful for any person employed by or associated with any enterprise engaged in . . . interstate . . . commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c).

42. Section 1964(c) allows a private party, who has been injured in his property from a RICO violation, to sue for damages.

43. Wire fraud is a predicate act of racketeering under RICO.

44. The foregoing facts outline Defendant's plan or scheme to defraud Plaintiff.

45. Defendants possessed an intent to defraud Plaintiff. In fact, this was Defendants express goal and objective.

46. As part of its scheme, Defendants engaged in a pattern of unlawful activity through the use of multiple electronic or wire communication to deliver false materials, including multiple demands for payment, and provided false ACHinformation.

47. By Defendants express demand, electronic means would be use to transfer the demanded money.

48. Each of the electronic communications had the same or similar purpose, sought the same results, involved the same victim, and utilized the same methods in perpetration of the fraud.

49. On information and believe, Defendants sent other similar, fraudulent emails to other potential victims as part of the same pattern of activity.

50. Plaintiff was damaged as the result of Defendants unlawful racketeering activity.

51. Pursuant to RICO, Plaintiff is entitled to threefold the damages it sustained, the cost of the suit, and reasonable attorney's fees.

52. Plaintiff is also entitled to injunctive relief.

### THIRD CLAIM FOR RELIEF
Civil Conspiracy

53. Each of the previous paragraphs is realleged herein.

54. Defendants acted knowingly and in concert with one another to commit the torts described herein.

55. Defendants had a meeting of the minds as to their course of action.

56. Defendants' plan to send false emails purporting to be Adobe in order to induce Plaintiff to make wire transfers to Defendants' accounts were done through unlawful means, and contrary to federal, Utah, and common law.

57. Defendants were aware that their conduct was unlawful.

58. ZAGG has been damaged thereby and are entitled to an amount of damages to be determined at trial.

## REQUEST FOR RELIEF

Plaintiff respectfully requests the following relief:

A. Entry of judgment of damages against Defendants including but not limited to, Plaintiff's actual damages, punitive damages, and attorney's fees.

B. Entry of judgment of damages against Defendants arising under RICO, but not less than three times Plaintiff's actual damages, costs of suit, and attorney's fees.

C. Punitive and exemplary damages.

D. Attorneys' fees and costs.

E. Pre and post-judgment interest at the highest rate permitted by law.

F.   Entry of permanent injunction against each Defendant prohibiting each Defendant from engaging in conduct similar to that described herein.

G.   All other relief deemed just in law or equity by this Court.

DATED this 12th day of September 2022.

DENTONS DURHAM JONES PINEGAR, P.C.

/s/ Jordan K. Cameron
Jordan K. Cameron
*Attorneys for Plaintiff*

Plaintiff's Address:
910 W Legacy Center Way
Ste 500
Midvale, UT 84047

SLC_5987094.1